PER CURIAM.
The Appellant, Home Medical Supply, Inc. (“Home Medical”), appeals the trial court’s order granting the Appellee, Jay Schloss’, motion for new trial, arguing the trial court’s reasoning was erroneous. We agree and reverse and remand.
After trial, Home Medical filed a motion for attorney’s fees and costs and an affidavit of fees, which indicated costs of $6,169.80 for one of their medical experts. In response, Schloss filed a motion for new trial, asserting he “has been deprived of an opportunity to have the jury presented with the truth in this matter, as the jury was told that [the medical expert’s] bill was only $900, when in fact it was in excess of $6,000, thereby perpetrating a fraud on the Court, counsel, and the jury.” The trial court granted the motion, finding that the medical expert’s trial testimony was misleading and his bill was an important matter for impeachment.
*1281 Although the trial court reviewed the medical expert’s testimony prior to ruling on the motion, our review of the testimony leads us to the conclusion that the trial court abused its discretion in granting the new trial because there is nothing misleading about the medical expert’s testimony in this case. The following is the testimony, which occurred on cross-examination of Home Medical’s medical expert:
Q: How many exams do you do every year for Mr. Hill’s office?
A: I do not know.
Q: Five, ten, fifty?
A: It is probably in the range of tenish [sic]; ten to twenty. I do not know.
Q: Okay.
A: And that is an educated guess, sir.
Q: And what do you charge for these?
A: The current fee is $900.00. Plus part of that is relating the exams to films or medical records that I review.
Q: Okay. So $900.00 for the visit?
A: Yes, sir.
Q: An hour visit.

A: Yes, sir.

Q: And how much is your bill in this case?
A: I do not have the bill. I am sorry, sir.
(emphasis added.)
It is clear from the foregoing testimony that the medical expert charged $900 for an hour visit, in which he would perform an exam and relate the exam to medical records and films. The testimony did not suggest that the medical expert’s total bill in the whole case was $900. Indeed, the medical expert previously testified on direct-examination that he charged $750 an hour to testify in-court. When Schloss’ attorney asked the medical expert how much his bill for this case was, he testified that he did not have it. Schloss’ attorney failed to ask any follow-up questions and never raised the issue with the witness again. Because the testimony is clear that the medical expert charged $900 for an hour visit and there was no suggestion that $900 was his total bill, we conclude the trial court abused its discretion in finding the medical expert’s testimony was misleading and in'granting a new trial. Accordingly, we reverse and remand to the trial court to reinstate the jury’s verdict and enter a final judgment.
REVERSED AND REMANDED.
GUNTHER, STONE and POLEN, JJ., concur.